HAROLD L. DECKER, RELATOR, v. FRANK B. MOFFETT, BUILDING INSPECTOR OF THE TOWN OF WESTFIELD, AND THE TOWN OF WESTFIELD, NEW JERSEY, DEFENDANTS.

Submitted February 16, 1928—Decided May 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Earl A. Merrill.*

For the defendants, *Paul Q. Oliver.*

PER CURIAM.

On September 23d, 1927, the relator obtained from the building inspector of the town of Westfield a permit to build an addition to the dwelling house No. 552 Boulevard owned by him in that town. Thereupon he proceeded to build the addition otherwise than in accordance with the plans and specifications for which the permit had been issued, and to make alterations in the main building without having first

obtained a permit for that work. For this offense against the building code of the town he was tried before the recorder and convicted and fined, and paid the fine.

The building code of the town of Westfield provides that upon conviction of a violation thereof "the permit shall stand revoked until such time as the ordinance is complied with." In this situation the relator, without removing the violations, on December 14th, 1927, applied orally apparently for a new permit showing certain plans and specifications. Section 5 of the building code provides that every application for a permit must be in writing and prescribed what must be set forth, and that the application must be verified by the affidavit of the person making the same. Therefore, when the relator asked for this second permit, the building inspector denied the same, and he was justified in that course for three reasons—first, because the application for the new permit was not in writing, signed and verified as required by the ordinance; secondly, because the violations had not been removed as required by the ordinance before a new permit can be granted, and thirdly, because there is no satisfactory proof in the record that the plans and specifications for which the permit was sought are in compliance with the building code. Moreover, the evidence indicated that it was the intention of the relator to make the building into a two-family house, in such fashion as to conflict with the ordinance of the town of Westfield zoning the land in question to one-family dwellings as therein defined. In the latter posture of the case, in view of the fact that the town of Westfield has a board of adjustment, the proper remedy of the relator, if any he has, is by appeal to the board of adjustment. *Chancellor Development Co.* v. *Senior,* 4 *N. J. Mis. R.* 633.

Our conclusion is that the writ of *mandamus* cannot be awarded and the rule is accordingly discharged, with permission to the relator, if he desires to review this action, to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.